**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CANADIAN STANDARDS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-1160 |
| v. | ) ) | |
| P.S. KNIGHT CO., LTD., PS KNIGHT AMERICAS, INC., and GORDON KNIGHT, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) | |

**COMPLAINT**

Plaintiff Canadian Standards Association ("Plaintiff" or "CSA"), for its Complaint against

Defendants P.S. Knight Co. Ltd., PS Knight Americas, Inc. and Gordon Knight ("Defendants"),

alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

**NATURE OF THIS ACTION**

1.      Plaintiff CSA brings this civil action seeking:  (i) injunctive and monetary relief for

Defendants' willful infringement of CSA's copyright in the 2015 and 2018 Canadian Electrical

Code, Part I ("the Copyrighted Work"); (ii) a judicial declaration of invalidity of a copyright

registration that Defendants P.S. Knight Co. Ltd. and PS Knight Americas, Inc. fraudulently

registered with the United States Copyright Office by falsely claiming ownership of Plaintiff's

Copyrighted Work; and (iii) a judicial declaration that Defendants own no copyrights in any

version of CSA's Canadian Electrical Code.  Defendants' infringement and other wrongful

conduct complained of herein is not disputable – indeed, Defendant Gordon Knight has publicly

admitted that he incorporated Defendant PS Knight Americas, Inc. in order to "re-release"

Plaintiff's Copyrighted Work in the United States.  Absent injunctive relief from the Court,

Plaintiff CSA fears Defendants' infringement of CSA's Copyrighted Work and Defendants' false copyright ownership claims will continue unabated.

2.      CSA is a Canadian not-for-profit corporation engaged in developing over 3,000 voluntary standards and Codes in Canada.  Its subsidiaries engage in testing, inspection, and certification of products to standards developed by CSA and other standards development organizations.  One of the most important standards CSA develops is the Canadian Electrical Code, which sets out voluntary safety standards for installation and maintenance of electrical equipment in Canada.  The Canadian Electrical Code is developed and issued by CSA as a private corporation. The Canadian Electrical Code has been incorporated by reference into several regulations and statutes in Canada for the installation and maintenance of electrical equipment.  The Canadian Electrical Code has not been incorporated by reference or otherwise into any laws or regulations of the United States or any of its states, territories or possessions.

3.      CSA published the first version of the Canadian Electrical Code in 1927 in Canada and has published revised versions or editions of the Canadian Electrical Code continuously ever since. CSA sells the Canadian Electrical Code in Canada and uses the income from these sales to finance the development of the Code and other voluntary standards in Canada.

4.      In 2015, CSA registered copyright in the 2015 version (23rd edition) of the Canadian Electrical Code under Canadian law, and in January 2018, CSA registered the 2018 version (24th edition) of the Canadian Electrical Code (the Copyrighted Work) as a copyright under Canadian law (collectively "the Copyrighted Work"). As a result, CSA is the owner of all copyright rights in the Copyrighted Work.  Since publication of the Copyrighted Work in 2018, CSA has published, distributed, and sold copies of the Copyrighted Work throughout Canada.

5.     Under the Berne Convention Treaty to which the United States is a party, CSA's exclusive rights in the Copyrighted Work are protected by U.S. copyright law.

6.     Defendant P.S. Knight Co. Ltd. ("P.S. Knight Co."). is a book publisher and competitor of CSA in Canada.  In 2016, P.S. Knight Co. published and threatened to distribute a complete and identical copy of CSA's 2015 Canadian Electrical Code at one-third CSA's price titled "Knight's Canadian Electrical Code, Part One". In response, CSA filed an application for copyright infringement in the Federal Court of Canada to enjoin Defendant P.S. Knight Co.'s reproduction, sale, and distribution of this infringing publication. *See Canadian Standards Association v PS Knight Co Ltd and Gordon Knight*, File No. T-646-15.  On March 29, 2016, the Federal Court found Defendant P.S. Knight Co.'s conduct constituted copyright infringement and enjoined it from further infringing activities. While the judgment was on appeal, Defendant P.S. Knight Co. began distributing what purported to be a complete copy of CSA's 2018 Canadian Electrical Code which it entitled "Knight's Canadian Electrical Code, Part One". The copyright infringement judgment was upheld by Canada's Federal Court of Appeal in December 2018. Defendant P.S. Knight Co. sought leave to appeal the Federal Court of Appeal's judgment to the Supreme Court of Canada. However, that application for leave to appeal was dismissed by the Supreme Court of Canada in May 2019 and as a result the decisions of the Federal Court and Federal Court of Appeal enjoining Defendant P.S. Knight Co.'s reproduction, sale, and distribution of CSA's Canadian Electrical Code are now final.

7.     After the Supreme Court of Canada dismissed Defendant P.S. Knight Co.'s application for leave to appeal in 2019, Defendants discontinued sale of the 2018 version of CSA's Canadian Electrical Code in Canada.

3

8.      Defendants thereafter formed a United States corporation in Texas, PS Knight Americas Inc.. Defendants P.S. Knight Co. and PS Knight Americas Inc. then filed a copyright registration in the United States Copyright Office for the 2018 version of CSA's Canadian Electrical Code ("the Infringing Publication") and Defendants resumed sales of the Infringing Publication on their website.  CSA did not consent to Defendants' copyright registration of the Copyrighted Work in the United States Copyright Office or Defendants' copying, reproduction, publication, distribution, and sale of the Copyrighted Work in the United States (or elsewhere in the world including Canada).

9.      All of the claims asserted herein arise out of and are based on Defendants' invalid registration of the Copyrighted Work in the United States Copyright Office and Defendants' unauthorized and willful copying, reproduction, publication, distribution, and/or sale of the Copyrighted Work in the United States without CSA's consent. CSA sues for declaratory relief pursuant to 28 U.S.C. § 2201(a) and § 2202 and for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq.* and international copyright treaties.

10.      CSA seeks: (1) all remedies afforded by the Copyright Act, including permanent injunctive relief, CSA's damages and Defendants' profits from Defendants' willfully infringing conduct in the United States, and other monetary relief; (2) a declaration that Defendants' fraudulently obtained copyright registration, No. TX0008892018, dated September 1, 2020 and titled Canadian Electrical Code, Part One ("the US Registration"), is invalid and for an order directing Defendants to cancel the registration with the U.S. Copyright Office; and (3) a declaration that Defendants own no copyrights in any version of CSA's Canadian Electrical Code.

## THE PARTIES

11.    Plaintiff Canadian Standards Association is a not-for-profit corporation organized and existing under the laws of Canada with its principal place of business in Toronto, Ontario, Canada.

12.    Defendant P.S. Knight Co. Ltd. ("P.S. Knight Co.") is a corporation organized and existing under the laws of Alberta, Canada, with its principal place of business at 6423 Burbank Road SE, Calgary AB T2H 2E1, Canada. Defendant P.S. Knight Co. is fully owned by Defendant PS Knight Americas Inc.  In conjunction with the other Defendants, P.S. Knight Co. owns and/or operates https://www.psknight.com, an Internet website that markets, offers for sale, and sells one or more products which infringe CSA copyrights. In conjunction with the other Defendants, P.S. Knight Co. publishes the articles and posts on https://www.restorecsa.com, an Internet website which, among other things, discusses CSA, previous litigation between CSA and Defendants P.S. Knight Co. and Gordon Knight, and Defendants' operations and infringing activities.

13.    Defendant PS Knight Americas Inc. is a corporation organized and existing under the laws of Texas and is registered to business in the State of Texas.  The address for Defendant PS Knight Americas Inc.'s registered agent is 5900 Balcones Drive STE 100, Austin, Texas 78731. Upon information and belief, Defendant PS Knight Americas Inc. has a mailing address of 6055 Red Day Road, Martinsville, Indiana 46151, and a place of business at 6423 Burbank Road SE, Calgary AB T2H 2E1.  Defendant P.S. Knight Co.'s owner Gordon Knight formed Defendant PS Knight Americas Inc. in June 2020, registered it as a corporation in Texas, and publicly claims to have transferred assets to it.  In conjunction with the other Defendants, PS Knight Americas Inc. owns and/or operates https://www.psknight.com, an Internet website that markets, offers for sale, and sells one or more products which infringe CSA copyrights. In conjunction with the other

Defendants, PS Knight Americas Inc. publishes articles and posts on https://www.restorecsa.com, an Internet website which, among other things, features blog posts and articles discussing CSA, previous litigation between CSA and Defendants P.S. Knight Co. and Gordon Knight, and Defendants' operations and infringing activities.

14.     Defendant Gordon Knight is a citizen and resident of Alberta, Canada and is the president and sole shareholder of Defendant P.S. Knight Co. Defendant Gordon Knight is the sole corporate director of Defendant PS Knight Americas Inc. with an address of 5900 Balcones Drive Ste 100, Austin, Texas 78731. Defendant Gordon Knight operates https://www.restorecsa.com, an Internet website which, among other things, features blog posts and articles discussing CSA, previous litigation between CSA and Defendants P.S. Knight Co. and Gordon Knight, and Defendants' operations and infringing activities.  Defendant Gordon Knight authors and disseminates the blog posts and articles on this website. At all times material to this Complaint, acting alone or in concert with others, Defendant Gordon Knight was the primary participant who formulated, directed, controlled, or directly participated in the acts and practices set forth in this Complaint.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over the claims set forth in this Complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Copyright Act of 1976, 17 U.S.C. § 101, and 28 U.S.C. §§ 1331 and 1338(a).

16.     Defendants are subject to this Court's exercise of personal jurisdiction by operation of Fed. R. Civ. P. 4(k)(2). This Court also has personal jurisdiction over Defendant PS Knight Americas Inc. because it is incorporated in the State of Texas.

17.     CSA's claims against Defendants arise under federal law.

18.     Defendant P.S. Knight Co. is a Canadian entity (incorporated under the laws of the Province of Alberta) with a principal place of business in Canada and is not subject to any one state's general jurisdiction.

19.     Defendant PS Knight Americas Inc. is a Texas entity with a principal place of business in Canada and if not subject to this state's jurisdiction, is not subject to any one state's general jurisdiction.

20.     Defendant Gordon Knight is a Canadian citizen domiciled in Canada and is not subject to any one state's general jurisdiction.

21.     Due process is satisfied as to Defendants because they have intentionally targeted and purposely availed themselves of this forum by: forming a corporation in the United States under the laws of the State of Texas for the purpose of avoiding an adverse copyright infringement judgment in Canada, applying for and registering an invalid and fraudulently obtained copyright registration in the United States Copyright Office, operating fully interactive websites which actively target U.S. consumers and offer to sell the Infringing Publication to U.S. consumers, making sales in the United States to both United States and Canadian customers, distributing the Infringing Publication in the United States, and tortiously harming CSA in the United States and Texas, knowing that CSA would be harmed here.

22.     On or about June 17, 2020, Defendants P.S. Knight Co. and Gordon Knight incorporated Defendant PS Knight Americas Inc. in the United States and under the laws of the State of Texas.  Defendant Gordon Knight publicly claims to have transferred assets to Defendant PS Knight Americas Inc.

23.     The Texas Secretary of State Records for Defendant PS Knight Americas Inc. list Defendant Gordon Knight as the corporate director with an address of 5900 Balcones Drive Ste

100, Austin, Texas 78731. Defendant Gordon Knight controls Defendant PS Knight Americas Co. and Defendant P.S. Knight Co. and is the moving force behind the activities of Defendant PS Knight Americas Co. and Defendant P.S. Knight Co. alleged herein.

24.     In 2020, Defendants applied for a copyright registration in the United States Copyright Office for the Infringing Publication. The Copyright Office registered the copyright on or about September 1, 2020, Registration No. TX0008892018.   The copyright claimant information provided for the copyright registration is as follows: Peter Slim Knight, 1927-2016. Address: c/o PS Knight Americas Inc, 5900 Balcones Dr. Ste 4000, Austin, TX, 78731, United States. P.S. Knight Co. Ltd., Transfer: By written agreement. Address: c/o PS Knight Americas Inc, 5900 Balcones Dr. Ste 4000, Austin, TX, 78731, United States."

25.     Defendants operate fully interactive websites, https://www.psknight.com and https://www.restorecsa.com, through which they market, offer for sale, and sell the Infringing Publication to United States consumers. Defendant Gordon Knight controls and is responsible for the content on the websites, restorecsa.com and psknight.com.

26.     In the publicly available online source https://lookup.icann.org, which provides information regarding owners and other contact information with respect to domain names, the identified registrant for "restorecsa.com" is Defendant PS Knight Americas Inc. with a mailing address of "Indiana, United States."

27.     On or about October 18, 2020, Defendants, through their website, https://www.restorecsa.com, posted and advertised that the Infringing Publication is "back" and available for purchase in the United States, stating "So, how can we re-release Knight's Code [the Infringing Publication] now? Well, first 'we,' (that's me), incorporated a new entity in the US and transferred assets to that new entity. Knight's Code [the Infringing Publication] is re-released by

PS Knight Americas Inc, from the US, and outside the direct jurisdiction of the Federal Court and Manson's Law. . . . [and] As you read this, the Canadian Electrical Code [the Infringing Publication] is the private property of PS Knight Americas Inc in the US. Can you just imagine the fuming at CSA headquarters as they read the last sentence?" *See* Exhibit K, attached hereto. The posting includes a hyperlink to purchase the Infringing Publication, which directs consumers to Defendants' website of https://www.psknight.com to purchase the Infringing Publication. *See* Exhibit L, attached hereto.

28.     Defendants, through https://www.psknight.com, offer to sell the Infringing Publication, including to United States consumers The checkout page for purchase of the Infringing Publication provides both the United States and Canada as available countries for shipment of the Infringing Publication.[1] Despite the fact that Defendants are enjoined from selling the Infringing Publication in Canada, the Defendants are also selling the Infringing Publication to Canadian customers.

29.     All purchases of the Infringing Publication from the website https://psknight.com are governed by the "Terms of Sale" provided on the web site.  The "Terms of Sale" page, https://psknight.com/support#tos, last updated on October 17, 2020, states under the "General" Section that the terms of sale agreement "shall be interpreted under the laws of the State of Texas" and that the buyer "submits to the exclusive jurisdiction and venue of the courts of the State of Texas and hereby waives any objection to such jurisdiction and venue."

30.     The    "Terms    of    Use"    page    for    the    psknight.com    website, https://psknight.com/support#tou, last updated on October 17, 2020, states under the "Governing Law" section that the site "is controlled by us from our offices within the State of Texas, USA. It

---

[1] https://psknight.com/checkout (last accessed November 17, 2020).

can be accessed from the United States . . . . this site both of us agree that the statutes and the laws

of the State of Texas . . . will apply to all matters relating to the use of this site and purchase of

products and services available through this site. Each of us agrees and hereby submits to the

exclusive personal jurisdiction and venue of any competent jurisdiction within the State of Texas

with respect to such matters."  The page further provides under the "Contact Information" section

that "the products and services available through this site are offered by PS Knight Americas Inc.,

domiciled in Texas with an interim office at 6055 Red Day Road, Martinsville, IN 46151 USA.

The address for Canadian mailing and PS Knight legacy inquiries is 6423 Burbank Road SE,

Calgary, AB T2H 2E1, CANADA."

31.    The    "Privacy    Policy"    page    for    the    psknight.com    website,

https://psknight.com/support#privacy, last updated on October 17, 2020, states under the

"Contacting Us" section that the site "is controlled by us from our offices within the State of Texas,

USA. It can be accessed from the United States . . . . this site both of us agree that the statutes and

the laws of the State of Texas . . . will apply to all matters relating to the use of this site and

purchase of products and services available through this site. Each of us agrees and hereby submits

to the exclusive personal jurisdiction and venue of any competent jurisdiction within the State of

Texas with respect to such matters."

32.    The    "Terms   of   Use"   page   for   Defendants'   restorecsa.com   website,

https://restorecsa.com/terms#copyright_info, last updated on October 10, 2020, states that PS

Knight Americas Inc. ("Us" or "We") provides the RestoreCSA.com site."  Under the "Description

of Services," it states that "We make various products and services available on or through this

site including, but not limited to, commentary on litigation between PS Knight Americas Inc. and

other parties, information on PS Knight Americas Inc.'s operations, history, corporate strategy,

management, commentary on other parties or issues, and the sale of the Electrical Code Simplified books.  The "Governing Law" section provides that the site "controlled by us through our registered domicile within the State of Texas, USA . . . . and the laws of the State of Texas will apply to all matters relating to the use of the site and purchase of products and services available through the site. Each of us agrees and hereby submits to the exclusive personal jurisdiction and venue of any competent jurisdiction within the State of Texas with respect to such matters."  The page further provides under the "Contact Information" section that "the products and services available through this site are offered by RestoreCSA.com, c/o: PS Knight Americas Inc., with a Canadian mailing address at 6423 Burbank Road SE, Calgary, AB T2H 2E1, CANADA."

33.    The    "Privacy    Policy"    page    for    the    restorecsa.com    website, https://restorecsa.com/terms/privacy, last updated on October 10, 2020, states under the "Contacting Us" section that site users can write to Defendants at the following Canadian mailing address "RestoreCSA.com, c/o: PS Knight Americas Inc., with a Canadian mailing address at 6423 Burbank Road SE, Calgary, AB T2H 2E1, CANADA" and that the terms of conditions of use and this privacy policy are subject to "the application of the laws of the State of Texas, USA."

34.    CSA's copyright infringement claim arises directly from Defendants' forum-related activity, including their marketing, sales, distribution, and shipments of the Infringing Publication in the United States, which are directly relevant to CSA's infringement claim.

35.    CSA's declaratory judgment claim arises directly from Defendants' forum-related activity of registering an invalid and fraudulently obtained copyright registration in the Infringing Publication in the United States Copyright Office.

36.     The Court's exercise of personal jurisdiction over Defendants is reasonable because of Defendants' purposeful availment of this forum and the relevance of Defendants' forum contacts.

37.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and § 1400(a) because Defendant PS Knight Americas Inc. resides and may be found in this district and because Defendants P.S. Knight Co. and Gordon Knight are not residents of the United States and may be sued in any district.

## FACTUAL BACKGROUND

## CSA'S COPYRIGHTS IN THE CANADIAN ELECTRICAL CODE

38.     Since on or before 1927, CSA has produced, published, and regularly updated various versions or editions of the Canadian Electrical Code, which sets out safety standards for installation and maintenance of electrical equipment in Canada.  The Canadian Electrical Code has always been and remains CSA's best-selling work or one of its best-selling works.

39.     In early 2015, CSA published its 23rd edition of the Canadian Electrical Code in Canada.  The 2015 version of the Canadian Electrical Code, as well as all prior editions of the Canadian Electrical Code, is an original work in which copyright subsists in Canada and is owned by CSA.  On or about April 27, 2015, CSA was granted Canadian Certificate of Copyright Registration No. 1121071 in the work titled Canadian Electrical Code, Part 1, Standard for Electrical Installations, 2015 Edition.  A true and correct copy of the Canadian Copyright Database registration record the 2015 Canadian Electrical Code is attached hereto as Exhibit A.

40.     In early 2018, CSA published its 24th edition of the Canadian Electrical Code in Canada. The 2018 version of the Canadian Electrical Code largely reproduces the text of the 2015 Canadian Electrical Code but with some modifications and additions by CSA and constitutes a

derivative work of the 2015 Canadian Electrical Code. The 2018 Canadian Electrical Code, as well as all prior editions of the Canadian Electrical Code, is an original work in which copyright subsists in Canada and is owned by CSA.  On or about January 30, 2018, CSA was granted Canadian Certificate of Copyright Registration No. 1146851 in the work titled C22.1-18 - 2018 Canadian Electrical Code, Part I, Safety Standard for Electrical Installations.  A true and correct copy of the Canadian Copyright Database registration record for the 2018 Canadian Electrical Code, Part I is attached hereto as Exhibit B.

41.    CSA has published, distributed, and sold the Copyrighted Work in electronic and hardcopy formats in Canada via its website, https://store.csagroup.org and authorized third-party organizations from 2015 to 2018 and 2018 to present. The Code is sold commercially and has historically been one of CSA's best-selling works. Over many decades, CSA has sold millions of copies of the various editions of the Canadian Electrical Code publication, including  thousands of copies of the Copyrighted Work.

42.    At all times the public has been advised of CSA's ownership of copyright in all versions of the Canadian Electrical Code by way of a copyright notice printed on the cover or inside pages of the Canadian Electrical Code, as has been done with the prior editions of the work.

43.    Pursuant to the terms of the Berne Convention and the implementing statutes in the signatory countries thereto, each signatory country is obligated to give the same protection under its copyright laws to a work originating in another of the signatory countries as it would to a work originating within that country. Thus, each signatory country of the Berne Convention is obligated to recognize and enforce CSA's copyrights in the CSA Electrical Code as they would if the Canadian Electrical Code had originated in that country.

44.     United States became a signatory to the Berne Convention for the Protection of Literary and Artistic Works on March 1, 1989.

45.     Canada became a signatory to the Berne Convention for the Protection of Literary and Artistic Works on June 26, 1998.

46.     CSA's Copyrighted Work qualifies as a Berne Convention work and registration is not required in the United States.

## DEFENDANTS' INFRINGING CONDUCT

47.     Defendants P.S. Knight Co. and its president and director Gordon Knight have been commercial competitors of CSA. Prior to Defendant P.S. Knight Co.'s incorporation in 1985, Peter Knight, Defendant Gordon Knight's father, published the *Electrical Code Simplified* book ("ECS"), which included references with attribution to the Canadian Electrical Code. Defendant P.S. Knight Co. continued to publish subsequent editions of this book.

48.     The Canadian Electrical Code and the ECS are different publications with different purposes. The Canadian Electrical Code is a complete code of electrical standards, some 700 pages in length, while the ECS is an annotated, shorter, simplified version of those standards, and is intended to be an instructional guide. The ECS quotes excerpts from the Canadian Electrical Code.

49.     When the first ECS book was developed in the 1960s, Peter Knight was an electrical inspector in at least the province of British Columbia, Canada. At that time, he began publishing an annotated document to provide his own explanation of those portions of the Canadian Electrical Code incorporated by reference into local regulations.

50.     Peter Knight's ECS publication over the course of many years was expanded to copy very significantly from CSA's Canadian Electrical Code. CSA only became aware of these facts many years later. In and around the early to mid-2000s Peter Knight was interested in CSA

potentially acquiring his business or the assets of it and CSA was interested in this possibility as well. Gordon Knight was involved in those discussions as well, although a deal was not consummated. As a result of those negotiations, CSA came to appreciate the significant extent to which the Defendants had started to copy verbatim extracts from the Code, without license, into the ECS publication.

51.     In or around 2005, CSA wrote a letter to Gordon Knight stating that it wanted its copyright in the Canadian Electrical Code respected.

52.     Subsequently, formal control of the Defendants business was transferred from Peter Knight to Gordon Knight.  In 2011, CSA again informed Defendants P.S. Knight Co. and Gordon Knight that CSA's position was that no license, but that to the extent there was,  any license that may have existed for the Canadian Electrical Code had been terminated since at least 2005.

53.     In 2012, CSA brought a copyright action in the Federal Court of Canada against Peter Knight and Defendants P.S. Knight Co. and Gordon Knight, alleging that their ECS publication, (Electrical Code Simplified Book 2), infringed CSA's copyright in the 2012 version of the Canadian Electrical Code.  *Canadian Standards Association v. P.S. Knight Co. Ltd., Gordon Knight, and Peter Knight*, File No. T-1178-12 (Fed. Ct. Canada)

54.     Following the commencement of the 2012 Federal Court action, in May 2013, Defendant Gordan Knight created and launched an internet website and blog under the name "RestoreCSA",  https://restorecsa.com, which, among other things, discussed CSA and the copyright litigation between CSA and Defendants P.S. Knight Co. and Gordon Knight.  Defendant Gordon Knight authored articles and blogs on the RestoreCSA website and disseminated such articles and postings on Twitter and other social media.

55.     On or about April 23, 2015, CSA commenced a defamation action in the Ontario Superior Court of Justice against Defendants P.S. Knight Co. and Gordon Knight with respect to alleged defamatory statements posted on the RestoreCSA website: *Canadian Standards Association v P.S. Knight Co. Ltd et al* (Ont. Sup. Ct. File No. CV-15-526680).

56.     During the litigation in 2015, Defendants P.S. Knight Co. and Gordon Knight, through its website RestoreCSA, threatened and claimed it would distribute and sell a complete and identical copy of the Canadian Electrical Code at one-third the price CSA charged. Defendants stated, in a blog post titled "Publishing the Canadian Electrical Code" that "[p]rior to the lawsuit, PS Knight had only published guidebooks about the law, never printing the entirety of the electrical law itself."  Attached hereto as Exhibit C is a printout of the RestoreCSA blog post, accessible at https://www.restorecsa.com/news/article/publishing-the-canadian-electrical-code. However, with the 2015 publication, Defendants P.S. Knight Co. and Gordon Knight decided that it would not only publish its ECS publication (which CSA has alleged infringes copyright through the 2012 Federal Court action), but would now also publish a complete "copycat" version of the 2015 Canadian Electrical Code, stating: "Our CEC [Canadian Electric Code] is the entire CEC; every jot and point, every table and calculation, right down to the title noted in the legislation itself."

57.     As a result, CSA brought an application in the Federal Court of Canada against Defendants P.S. Knight Co. and Gordon Knight seeking to enjoin Knight Co.'s distribution and sale of the "copycat" of the 2015 version of the Canadian Electrical Code.  *Canadian Standards Association v. P.S. Knight Co. Ltd. & Gordon Knight*, File No. T-646-15 (Fed. Ct. Canada).  The Federal Court granted CSA's application, finding that copyright subsisted in the Canadian Electrical Code, that CSA was the owner of that copyright, and that Defendant P.S. Knight Co. knowingly and willfully infringed CSA's copyright in the 2015 Canadian Electrical Code,

enjoining them from further infringing activities, ordering delivery up of all copies of Defendants' "copycat" publication, and awarding CSA statutory damages and costs of approximately $100,000.00.  *See Canadian Standards Association v. P.S. Knight Co. Ltd. & Gordon Knight*, 2016 FC 294 (Fed. Ct. Canada Mar. 29, 2016) and 2016 FC 387 (Fed. Ct. Canada Apr. 7, 2016). A true and correct copy of these opinions are attached hereto as Exhibits D and E.

58.     Defendants P.S. Knight Co. and Gordon Knight appealed the Federal Court's decisions to the Federal Court of Appeal, seeking to aside the Court's judgment.  On or about December 7, 2018, the Federal Court of Appeal affirmed the decision of the Federal Court and dismissed the appeal.  *P.S. Knight Co. Ltd., et al. v Canadian Standards Association*, 2018 FCA 222. A true and correct copy of the Federal Court of Appeal's opinion is attached hereto as Exhibit F.  On or about May 23, 2019, the Supreme Court of Canada dismissed Defendants' application for leave to appeal to the Supreme Court from  the Federal Court of Appeal's decision, with costs. *P.S. Knight Co. Ltd., et al. v Canadian Standards Association*, SCC File. No. 38506 (May 23, 2019). A true and correct copy of the Supreme Court of Canada's dismissal is attached hereto as Exhibit G.

59.     The 2012 copyright infringement action between CSA and Peter Knight and Defendants P.S. Knight Co. and Gordon Knight in the Federal Court of Canada remains pending. *Canadian Standards Association v. P.S. Knight Co. Ltd., Gordon Knight, and Peter Knight*, File No. T-1178-12 (Fed. Ct. Canada).  Peter Knight died on or about April 4, 2016.

60.     In February 2018, Defendants P.S. Knight Co. and Gordon Knight, through their website, RestoreCSA, posted that they published a copycat version of the 2018 version of the Canadian  Electrical Code (the Infringing Publication).  Attached hereto as Exhibit H is a printout of      the      February      2018      post      on      RestoreCSA,      accessible      at

https://www.restorecsa.com/news/article/knights-code-has-arrived.   The Infringing Publication includes, copies, is derived from, or otherwise embodies the Copyrighted Work.   Thereafter, Defendants P.S. Knight Co. and Gordon Knight began selling and distributing the Infringing Publication in Canada.

61.     After the Supreme Court of Canada's May 23, 2019 decision dismissing their application for leave to appeal from the decision of the Federal Court of Appeal, on or about May 26, 2019, Defendants P.S. Knight Co. and Gordon Knight posted on their website, RestoreCSA, that their copycat version of the 2018 Canadian Electrical Code (the Infringing Publication) was "no longer authorized" and would be "unavailable" for purchase. Attached hereto as Exhibit I is a printout of the May 26, 2019 post on RestoreCSA, accessible at https://www.restorecsa.com/news/article/the-supreme-court-decision.   Defendants discontinued reproduction, publication, distribution, and sale of the Infringing Publication from late May 2019 until on or around October 17, 2020.   During this time, the retail page for the Infringing Publication,  https://psknight.com/cec, provided that the sale of this "unabridged text of electrical law" was "restricted" because the Supreme Court of Canada had "ruled that domestic law, including electrical law, is privately owned."   Attached hereto as Exhibit J is a printout of the Internet Archive: Wayback Machine depicting the retail page for the Infringing Publication as it existed on October 4, 2019, accessible at https://web.archive.org/web/20191004235950/https://psknight.com/cec.

62.     On or about October 18, 2020, CSA learned that Defendants had "re-released" the Infringing Publication and begun reproducing, publishing, selling, and/or distributing the Infringing Publication to consumers in the United States and resumed sales to consumers in Canada.  Defendants, through their website, RestoreCSA, posted and advertised that the Infringing

Publication is "back" and available for purchase in the United States. Attached hereto as Exhibit K is a printout of the October 17, 2020 post on RestoreCSA, accessible at https://www.restorecsa.com/news/article/knights-code-is-back.                         The RestoreCSA post includes a hyperlink to purchase the Infringing Publication for $60, which redirects consumers to Defendants' website, https://www.psknight.com, to purchase the Infringing Publication. Attached hereto as Exhibit L is a printout of the retail page for the Infringing Publication, accessible at https://psknight.com/cec.

63.      Defendants' use and exploitation of the Copyrighted Work is without CSA's authorization or consent, and without any compensation to CSA.

64.      Since Defendants began commercially exploiting the Copyrighted Work in October 2020, they have reproduced, published, distributed, and/or offered for sale the Copyrighted Work in electronic and hardcopy formats on various websites, including their website https://psknight.com/cec and on Apple Books. Defendants continue to reproduce, publish, distribute, offer for sale, and sell the Copyrighted Work.  Defendants are advertising  on their website, https://www.psknight.com/cec, that they plan to reproduce, publish, distribute, and sell a copycat version of the 2021 Canadian Electrical Code which CSA expects to publish in early 2021, and are allowing consumers to purchase and reserve copies of the copycat version.  *See* Exhibit L, attached hereto. Defendants have no authority or consent from CSA to reproduce, publish, distribute, or sell the 2021 Canadian Electrical Code or any works derived from the 2021 Canadian Electrical Code in whole or in part.

65.      Defendants' identical copying and exploitation of the Copyrighted Work is willful, and in disregard of, and with indifference to, the rights of CSA.  Defendants' intentional, infringing conduct was undertaken to reap the benefit and value associated with the Copyrighted Work.

66.     As a result of Defendants' actions described herein, CSA has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, publication, distribution, sale, and exploitation of the Copyrighted Work in the United States. Defendants have never accounted to or otherwise paid CSA for such use of the Copyrighted Work.

67.     Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to CSA for which CSA has no adequate remedy at law.

### DEFENDANTS' INVALID COPYRIGHT APPLICATION

68.     On or about September 1, 2020, Defendants filed a copyright application with the U.S. Copyright Office electronically (the "Copyright Application") along with an electronic copy of the work, Canadian Electrical Code, Part I (the "Deposited Materials").

69.     The Copyright Application identifies ISBN 978-0-920312-64-3 with respect to the Deposited Materials. ISBN 978-0-920312-64-3 is associated with Defendants' Canadian Electrical Code Part One: 24th Code Edition, 2018-2021, which is the Infringing Publication.  Attached hereto as Exhibit M is a printout of Defendants' website, psknight.com, evidencing that ISBN 978-0-920312-64-3 is associated with the 2018 version of CSA's Electrical Code, the Infringing Publication, accessible at https://psknight.com/store.

70.     In submitting the Copyright Application, Defendants knowingly and fraudulently represented to the Copyright Office that the work (Canadian Electrical Code, Part One) was authored by Peter Slim Knight.   Defendants also knowingly and fraudulently represented in the Copyright Application that Defendants had ownership rights in the work.   Defendants also knowingly and fraudulently represented in the Copyright Application that the work was created by Defendants or their assigns in 2018, that the work was first published on April 1, 2018, and that the work was not a derivative work.

71.     A copyright application requires an applicant to identify whether the authors of the work sought to be registered are dead and the dates of their death.  *See* 17 U.S.C. § 409(2). Defendants failed to disclose in the Copyright Application that Peter Slim Knight did not author the work. Furthermore, even if Peter Slim Knight had authored any portion of the work sought to be registered, which he did not, the Copyright Application would still be invalid on its face because it alleges that Peter Slim Knight died in 2016 but created the work in 2018 (two years after he died).  Upon information and belief, Peter Slim Knight died on or about April 4, 2016.

72.     A copyright application requires an applicant to state whether the copyright claimant is the author, and if not, a brief statement of how the claimant obtained ownership of the copyright.  *See* 17 U.S.C. § 409(5).  Defendants state in the Copyright Application that Defendant P.S. Knight Co. Ltd. transferred ownership rights to Defendant PS Knight Americas Inc, 5900 Balcones Dr. Ste 4000, Austin, TX, 78731, United States.  Defendants failed to disclose in the Copyright Application that Defendants have no authorship or ownership interest in the work. In particular, Defendants failed to disclose that Defendants did not author the work and that Plaintiff CSA, through its agents, employees, representatives, contractors, successors, or assigns, is the actual author of the work. Defendants also failed to disclose that Defendants do not own the work and that Plaintiff CSA is the actual owner of the work.

73.     A copyright application requires an applicant to state the year in which the creation of the work was completed and the date and nation of first publication.  *See* 17 U.S.C. §§ 409(7)-(8).  Defendants state in the Copyright Application that the work was created in 2018 and published on April 1, 2018.  Defendants failed to disclose in the Copyright Application that Defendants did not create the work and that Plaintiff CSA, through its agents, employees, representatives, contractors, successors, or assigns, created the work. Defendants also failed to disclose in the

Copyright Application that the work was first published by CSA on or about January 1, 2018. Furthermore, even if Defendants had created any portion of the work, which they did not, the Copyright Application would still be invalid on its face regarding the work's purported publication date of April 1, 2018. Defendants' website RestoreCSA provides that the Infringing Publication was published by Defendants on the morning of February 25, 2018. Attached hereto as Exhibit H is printout of Defendants' website, restorecsa.com, evidencing that Defendants claim to have "published" the Infringing Publication on the morning of February 25, 2018.

74.     A copyright application requires an applicant to define and "limit" his or her claim in the subject work by specifically excluding any preexisting material not created or owned by the applicant. *See* 17 U.S.C. § 409(9).   Because the Canadian Electrical Code, Part 1 constitutes underlying or preexisting material embodied in the Infringing Publication, Defendants were required to exclude the Canadian Electrical Code, Part 1 from their Copyright Application and identify the "additional material covered by the copyright claim being registered." Upon information and belief, Defendants left this portion of the Copyright Application blank. Defendants failed to disclose to the Copyright Office that the work they sought to register consisted of nothing but preexisting material owned and created by CSA and none of the work was created by Defendants or by Peter Slim Knight. Furthermore, Defendants admit via their website, RestoreCSA, that CSA is the owner and creator of the work that Defendants sought to register via their Copyright Application.  The website provides: "It turns out that the Canadian Standards Association (CSA) somehow forgot to register copyright over this document, even while it was under litigation in Canada.  Seriously.  They spent well over a million dollars in Canadian Courts, arguing that they own all our electrical laws and they feverishly pointed to their registration of copyright in Canada but, amazingly, didn't bother to lock down copyright in the US. So we did.

As you read this, the Canadian Electrical Code is the private property of PS Knight Americas Inc in the US." *See* Exhibit K, attached hereto.

75.    A copyright application requires an applicant to provide "any other information regarded by the Register of Copyrights as bearing upon the preparation or identification of the work or the existence, ownership, or duration of the copyright." *See* 17 U.S.C. § 409(10). Defendants failed to disclose information regarding the "preparation or identification of the work" and "the existence [and/or]ownership" of the work sought to be registered (the Infringing Work), including, but not limited to: (1) that the Infringing Publication is a derivative work that is based on and incorporates the entirety of CSA's Canadian Electrical Code, Part 1; (2) that CSA has all ownership, authorship, and copyright interest in the Canadian Electrical Code, Part 1 and all works derived therefrom, including the Infringing Publication; (3) that Defendants' Copyright Application for the Infringing Publication was not authorized; and (4) that Defendants' reproduction, publication, distribution, and sale of the Infringing Publication was not authorized.

76.    Defendants' failure to disclose the above-referenced information constitutes a material misrepresentation to the Copyright Office.

77.    As a condition of submitting and filing a copyright application, an applicant must certify that the information provided in the application is correct to the best of his or her knowledge (the "Certification"). The Certification requirement is set forth in the Copyright Office's regulations at 37 C.F.R. § 202.3(c)(2)(iii). Knowingly making a false representation of a material fact in an application for copyright registration, or in any written statement filed in connection with the application, is a criminal offense and punishable under 17 U.S.C. § 506(e).

78.    When filing a copyright application electronically, the Copyright Office's online form requires an applicant to electronically sign the Certification. It appears as follows:

The Application must be certified by the author, copyright claimant, or owner of exclusive right(s), or by the authorized agent of any of the preceding.

**17 USC 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided by section 409, or in any written statement filed with the application, shall be fined not more than $2500.**

☐ *I certify* that I am the author, copyright claimant, or owner of exclusive rights, or the authorized agent of the author, copyright claimant, or owner of exclusive rights of this work and that the information given in this application is correct to the best of my knowledge.

\* Name of certifying individual: _____

Applicant's Internal Tracking Number (Optional): _____

79.     Defendants electronically signed and made this Certification in connection with the online filing and submission of the Copyright Application.

80.     The statements made by Defendants in the Copyright Application were false and inaccurate.  Defendants misrepresented that Peter Slim Knight was the author of "Canadian Electrical Code, Part 1," even though this was not true.  Peter Slim Knight did not author the work, which is the 2018 version of the Canadian Electrical Code.  Peter Slim Knight also died in 2016. The creation of the Canadian Electrical Code and the Infringing Publication was completed by CSA. Further, Defendants failed to disclose to the Copyright Office that the CSA's copyrighted work of the Canadian Electrical Code was used to create the entirety of "Canadian Electronic Code, Part 1." CSA is the owner of all rights in the Canadian Electrical Code, and Defendants copied the CSA's Canadian Electrical Code to create "Canadian Electronic Code, Part 1."  The Defendants' "Canadian Electrical Code, Part 1" also has been found to infringe CSA's copyright in the CSA's Canadian Electrical Code.

81.     By failing to disclose the above information in the Copyright Application, Defendants knew the resulting copyright registration would contain false and fraudulent information and inaccuracies.

82.     Defendants knew about the inaccuracies and misrepresentations at the time they completed the online form, electronically signed the Certification, and filed the Copyright

Application. Defendants' inaccuracies, misrepresentations, and omissions in the Copyright Application were knowing, deliberate, willful and for the purpose of misleading the Copyright Office.

83.    Defendants' misrepresentations to the Copyright Office were material.

84.    The Copyright Office relied upon Defendants' inaccuracies, misrepresentations, and omissions in approving the Copyright Application and issuing the Registration. Based on controlling copyright law and the Copyright Office's policies and practices, if the Copyright Office had known of Defendants' false statements, it would have refused registration of Defendants' Copyright Application.

85.    Instead, however, the Copyright Office relied upon the false statements and Defendants' Certification, accepted that information was true, correct, and complete, and granted Defendants the Copyright Registration on September 1, 2020. Attached hereto as Exhibit N is a true and correct copy of the U.S. Copyright Office Catalog entry for Defendants' Copyright Registration No. TX0008892018, as accessed on the U.S. Copyright Office's website on November 17, 2020.

86.    Defendants' procurance of the Copyright Registration for CSA's work through fraud and misrepresentation has prejudiced and caused irreparable injury to CSA, and CSA will continue to suffer prejudice and irreparable injury unless and until the invalidity of the Copyright Registration is determined.

**CAUSES OF ACTION**

**COUNT I – DECLARATORY JUDGMENT
OF NO OWNERSHIP OF COPYRIGHT
(AGAINST ALL DEFENDANTS)**

87.     Plaintiff CSA restates and realleges Paragraphs 1 through 86 of this Complaint as Paragraph 87 of this Count I of the Complaint.

88.     This is a claim for declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

89.     CSA, through its agents, employees, representatives, contractors, successors, or assigns, is the author of the copyrightable work embodied in all versions of the Canadian Electrical Code, including the 2015 Canadian Electrical Code and the 2018 Canadian Electrical Code (collectively referred to herein as the "Canadian Electrical Code").  CSA is the sole owner of all copyright rights, title, and interest in the Canadian Electrical Code.

90.      By reason of being the sole owner of all copyright rights, title, and interest in all works embodied in the Canadian Electrical Code, with the exclusive right to make derivative works thereof, CSA is the owner of all copyrights in all works derived from the Canadian Electrical Code including without limitation all rights in the Copyrighted Work.

91.     The Copyrighted Work is the underlying, preexisting work embodied in the Infringing Publication. The Infringing Publication is derived from the Copyrighted Work.

92.     Because the Copyrighted Work is the underlying work embodied in the Infringing Publication and from which the Infringing Publication is copied and derived, Defendants own no copyright rights in any portion of the Infringing Publication and CSA is the sole owner of all copyright rights and interest in the Infringing Publication.

93.     CSA did not grant Defendants the authority to create any works copied or derived in whole or in part from the Canadian Electrical Code.

94.     Defendants do not have any ownership, authorship, or copyright interest in any works copied or derived from the Canadian Electrical Code, including the Infringing Publication. Defendants' Copyright Application failed to disclose to the Copyright Office that Defendants did not own or author the Infringing Publication.

95.     An actual, present, and justiciable controversy has arisen between the parties regarding ownership rights in the Canadian Electrical Code and any works derived therefrom, including the Infringing Publication, and concerning Defendants' rights to obtain copyright registrations, to reproduce, to publish, to distribute, and to sell any works copied or derived from the Canadian Electrical Code in the United States.

96.     CSA seeks a judicial determination regarding the parties' respective ownership rights and interest in the Canadian Electrical Code and all works copied or derived therefrom.

97.     CSA is entitled to a declaratory judgment that CSA is the sole owner of all copyright rights in the Canadian Electrical Code and all derivative works thereof, including all prior and subsequent versions of the Canadian Electrical Code, and accordingly owns the sole right to register for copyright in the Canadian Electrical Code and all derivative works thereof, including without limitation all prior and subsequent versions of the Canadian Electrical Code.  Because the Infringing Publication is an unauthorized derivative work of the Canadian Electrical Code, CSA is entitled to declaratory judgment that CSA is the sole owner of all copyright rights in the Infringing Publication.

98.     CSA is also entitled to declaratory judgment that Defendants are not the author or the rightful owner of the Copyrighted Work, the Infringing Publication, the Canadian Electrical Code, or any works derived from any of the foregoing.

99.     CSA will suffer financial and irreparable damage if there is no declaratory relief because Defendants will continue to interfere with CSA's business by falsely claiming ownership rights in the Copyrighted Work, the Infringing Publication, the Canadian Electrical Code, and/or other works derived from one or more of the foregoing.

100.    CSA has been prejudiced and will continue to be prejudiced and incur damages without its requested declaratory relief from this Court.

## COUNT II – DECLARATORY JUDGMENT
## OF INVALIDITY OF COPYRIGHT REGISTRATION NO. TX0008892018
## (AGAINST ALL DEFENDANTS)

101.    Plaintiff CSA restates and realleges Paragraphs 1 through 86 of this Complaint as Paragraph 101 of this Count II of the Complaint.

102.    This is a claim for declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.

103.    As set forth herein, Defendants included false and inaccurate information and representations in their Copyright Application with the knowledge that the information and representations were false and inaccurate and that the Copyright Office would rely on the false information and representations in issuing the Copyright Registration.

104.    The inaccurate and false information and representations included in the Copyright Application by Defendants were material, and if known by the Copyright Office, would have caused the Register of Copyrights to refuse registration to Defendants.

105.    Defendants' inaccuracies, misrepresentations and omissions in the Copyright

Application were knowing, deliberate, willful and for the purpose of misleading the Copyright Office.

106.    Defendants' U.S. Copyright Registration No. TX0008892018 was obtained as a result of false and inaccurate information, misrepresentations and omissions by Defendants in the Copyright Application.  The Copyright Registration is therefore subject to invalidation by the Court for failing to satisfy the requirements of 17 U.S.C. § 411(b).

107.    CSA is the true owner of the work registered in the Copyright Registration. At all times pertinent to this Complaint, CSA has been, and still is, the owner of all right, title, and interest in and to the Copyrighted Work, including the copyrights therein and registrations thereof.  CSA has never assigned, licensed, or otherwise transferred any of these rights to Defendants; nor has CSA ever authorized Defendants to register a copyright for the work. Defendants do not have any ownership, authorship, or copyright interest in any works derived from the Canadian Electrical Code, Part 1.  The Copyright Application failed to disclose to the Copyright Office the derivative nature of the work Defendants sought to register and that Defendants did not have authorship or ownership rights in the work and had no authority to register the work.

108.    An actual justiciable case or controversy exists between CSA and Defendants regarding the validity of the Copyright Registration and as to the parties' respective rights in connection with the registration of a copyright in the CSA Electrical Code, Part 1 in the United States.

109.    CSA seeks a judicial determination as to the parties' respective rights in connection with the registration of a copyright in the Canadian Electrical Code, Part 1, a declaration that the Copyright Registration is invalid, and an order directing Defendants to cancel their copyright registration with the U.S. Copyright Office.

110.    CSA is entitled to declaratory judgment that Defendants' Copyright Registration is invalid.

111.    CSA will suffer financial and irreparable damage if there is no declaratory relief awarded because Defendants will continue to interfere with CSA's business by claiming a copyright in the Canadian Electrical Code based on the certificate of registration Defendants' improperly and fraudulently obtained.

112.    CSA has been prejudiced and will continue to be prejudiced and incur damages without declaratory relief from this Court.

**COUNT III – COPYRIGHT INFRINGEMENT**
**(AGAINST ALL DEFENDANTS)**

113.    Plaintiff CSA restates and realleges Paragraphs 1 through 86 of this Complaint as Paragraph 113 of this Count III of the Complaint.

114.    The 2018 Canadian Electrical Code contains wholly original text, and pictorial/graphic works owned by CSA and constituting copyrightable subject matter. As set forth herein, the 2018 Canadian Electrical Code is a derivative work of the 2015 Canadian Electrical Code.  The 2015 Canadian Electrical Code also contains wholly original text, and pictorial/graphic works owned by CSA and constituting copyrightable subject matter.

115.    The 2018 Canadian Electrical Code and 2015 Canadian Electrical Code are foreign works created in Canada subject to the Berne Convention for the Protection of Literary and Artistic Works and are exempt from the registration requirements of 17 U.S.C. § 411.  Because the 2018 Canadian Electrical Code is a derivative work of the 2015 Canadian Electrical Code, they are referred to herein collectively as the Copyrighted Work.

116.    CSA owns valid copyrights in the Copyrighted Work .

117.    At all times pertinent to this Complaint, CSA has been, and still is, the owner of all

right, title, and interest in and to the Copyrighted Work, including all copyrights therein and registrations related thereto.  CSA has never assigned, licensed, or otherwise transferred any of these rights to Defendants; nor has CSA ever authorized Defendants to copy, distribute, or license the Copyrighted Work.

118.    Defendants have directly, vicariously, and/or contributorily infringed CSA's rights in the Copyrighted Work by reproducing, displaying, publishing and/or distributing unauthorized copies and/or derivatives of the Copyrighted Work in violation of 17 U.S.C. § 501 *et seq.*

119.    By the foregoing acts, Defendants have infringed CSA's copyrights in violation of §§ 106 and 501 of the Copyright Act, 17 U.S.C. § 101, *et seq.*

120.    Defendants knew that their acts constituted copyright infringement.  Defendants either directly or indirectly, copied works that they did not own for their sole commercial gain as well as the specific, purposeful, and unjust exclusion of CSA.

121.    Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of CSA's rights in the Copyrighted Work, and has enabled Defendants to illegally profit therefrom.

122.    As a direct and proximate result of Defendants' infringing conduct, CSA has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), CSA is also entitled to a recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Publication and any other publications incorporating or embodying the Copyrighted Work, and an accounting of and a constructive trust with respect to such profits.

123.    As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury,

for which there is no adequate remedy at law.  Unless Defendants' infringing conduct is enjoined by this Court, Defendants will continue to infringe the Copyrighted Work.  Plaintiff is therefore entitled to permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

124.    By reason of the foregoing facts, CSA has been substantially harmed and is entitled to relief pursuant to 17 U.S.C. §§ 502 through 505.

125.    By reason of the foregoing facts, Defendants' infringement of CSA's Copyrighted Work has been willful.

## PRAYER FOR RELIEF

Plaintiff respectfully request that Defendants be cited to appear and answer herein, and that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

- Granting an injunction preliminarily and permanently enjoining Defendants, their agents, officers, directors, attorneys, employees, successors, affiliates, subsidiaries, and assigns, and all those in active concert and participation with any of the foregoing persons and entities from: (a) any further infringement of CSA's copyrighted works in the United States, including reproducing, distributing, publishing or selling the Infringing Publication, any subsequent or prior versions of the Infringing Publication, and any publications, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work; and (b) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a);

- Granting an injunction preliminarily and permanently enjoining Defendants, their agents, officers, directors, attorneys, employees, successors, affiliates, subsidiaries,

and assigns, and all those in active concert and participation with any of the foregoing persons and entities, from applying to register or registering in the United States Copyright Office, any copyright for the Canadian Electrical Code or for any publications, works, or other materials that include, copy, reproduce, are derived from, or otherwise embody the Canadian Electrical Code, including any subsequent or prior versions of the Canadian Electrical Code or Copyrighted Work; and (b) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a);

- That Defendants be ordered to conduct an accounting of all profits derived from making, publishing, distributing, using, marketing, selling, or otherwise exploiting unlicensed copies of any CSA copyrighted work which is the subject of this Complaint, and any publications, works, or other materials that include, copy, are derived from, or otherwise embody any CSA copyrighted work which is the subject of this Complaint;

- That Defendants be ordered to destroy or deliver up for destruction of materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies and/or inventory of the Copyrighted Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work;

- That Defendants, at their own expense,  be ordered to recall the Copyrighted Work from any distributors, retailers, vendors, or others that have distributed the Copyrighted Work on Defendants' behalf in the United States, and any products, works, or other materials that include, copy, are derived from, or otherwise embody

33

the Copyrighted Work, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to them;

- That CSA be awarded Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

- That CSA be awarded its actual damages in an amount to be proven at trial or, in the alternative, its statutory damages for willful infringement in the amount of $150,000 per violation;

- Ordering and directing Defendants or their duly authorized agent to submit the appropriate filings with the United States Copyright Office to cancel the Copyright Registration No.  TX0008892018 using the procedures promulgated by the United States Copyright Office for doing so, including the procedures described in section 1807.4(E) of the United States Copyright Office's Compendium of U.S. Copyright Office Practices (3rd Ed.) and taking any such further actions and making such additional filings as is necessary to forever cancel the Copyright Registration; and

- That CSA be awarded its attorneys' fees, costs, and any further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

November 20, 2020

Respectfully submitted,

THOMPSON COBURN LLP


By: /s/  Nicole L. Williams

    Nicole L. Williams
      Texas Bar No. 24041784
      nwilliams@thompsoncoburn.com

    Elizabeth G. Myers
      Texas Bar No. 24047767
      emyers@thompsoncoburn.com

    **THOMPSON COBURN LLP**
    2100 Ross Avenue, Suite 600
    Dallas, Texas 75201
    (972) 629-7100
    (972) 629-7171  FAX

    Michael A. Parks, IL 6217230
    (*pro hac vice* forthcoming)
    Katherine E. Colvin, IL 6315272
    (*pro hac vice* forthcoming
    **THOMPSON COBURN LLP**
    55 East Monroe Street
    37th Floor
    Chicago, IL 60603
    312-346-7500
    312-580-2201 FAX
    mparks@thompsoncoburn.com
    kcolvin@thompsoncoburn.com

    ***Attorneys for Plaintiff***
    ***Canadian Standards Association***