UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CANADIAN STANDARDS ASSOCIATION,<br>    *Plaintiff*<br><br>v.<br><br>P.S. KNIGHT CO., LTD., PS KNIGHT AMERICAS, INC., and GORDON KNIGHT,<br>    *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 1:20-cv-01160-LY |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are Defendants' Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted, filed July 26, 2021 (Dkt. 33); Plaintiff Canadian Standards Association's Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss the Amended Complaint, filed August 9, 2021 (Dkt. 40); and Defendants' Reply to CSA's Opposition to Motion to Dismiss, filed August 16, 2021 (Dkt. 41). The District Court referred the Motion to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 35.

**I.   Background**

Plaintiff Canadian Standards Association ("Canadian Standards") brings this action for copyright infringement against Defendants P.S. Knight Co., Ltd., PS Knight Americas, Inc., and Gordon Knight (collectively, "Defendants") under the Berne Convention for the Protection of

1

Literary and Artistic Work ("Berne Convention") and the United States Copyright Act. First Am. Complaint, Dkt. 31 ¶¶ 10, 150, 164, 178. Canadian Standards is a Canadian not-for-profit corporation that develops voluntary standards and codes. *Id.* ¶ 2. In 2015, 2018, and 2021, Canadian Standards registered copyrights in Canada on the 23rd, 24th, and 25th editions of the Canadian Electrical Code. *Id.* ¶ 7. In 2015 and 2020, Canadian Standards registered copyrights in Canada on the 11th and 12th editions of the Propane Storage and Handling Code. *Id.* ¶ 8. In 2015 and 2021, Canadian Standards registered copyrights in Canada on the 7th and 8th editions of the Oil and Gas Pipeline Systems Code. *Id.* ¶ 9. The Canadian Electrical Code, Propane Storage and Handling Code, and Oil and Gas Pipeline Systems Code (collectively, the "Canadian Copyrighted Works") have been incorporated by reference into several regulations and statutes in Canada, but not in the United States. *Id.* ¶ 2.

Defendant P.S. Knight Co. Ltd. is a Canadian book publisher; its president and sole shareholder is Defendant Gordon Knight. *Id.* ¶¶ 11, 23. In 2016, P.S. Knight Co. published in Canada an identical copy of Canadian Standards' 2015 Canadian Electrical Code titled "Knight's Canadian Electrical Code, Part One." *Id.* ¶ 11. P.S. Knight Co. also distributed Canadian Standard's 2018 edition under the same title. *Id.* In 2019, Canadian Standards obtained a final judgment and injunction in Canada against P.S. Knight Co. based on its unauthorized publication of its Canadian Electrical Code. *Id.*

P.S. Knight Co. and Knight then formed a business entity in the United States, PS Knight Americas Inc. ("PSK Americas"), a Texas corporation. *Id.* ¶¶ 13. On September 1, 2020, P.S. Knight Co. and PSK Americas obtained U.S. Copyright Registration No. TX0008892018 covering the 2018 version of the Canadian Electrical Code (the "U.S. Copyright Registration").

*Id.* ¶¶ 13, 33. Defendants sell copies of the 2018 Canadian Electrical Code in the United States through their websites without Canadian Standards' consent. *Id.* ¶ 34.

On November 20, 2020, Canadian Standards filed suit against Defendants, alleging that they infringed its copyrights in the Canadian Electrical Code. Dkt. 1. Defendants then began distributing copies of the following works through their websites without Canadian Standards' consent: (1) the 2015 and 2020 versions of the Propane and Handling Code, under the title "Knight's Propane Storage & Handling Code"; (2) the 2015 and 2019 versions of the Oil and Gas Pipeline Systems Code, under the title "Knight's Oil & Gas Pipeline Systems Code;" and (3) the 2021 version of the Canadian Electrical Code, under the title "Knight's Canadian Electrical Code, Part One, 2021-2024." Dkt. 31 ¶¶ 14-16, 36-39. Canadian Standards subsequently amended its complaint to add new copyright infringement claims related to those works.

Canadian Standards seeks damages for copyright infringement, an injunction against further infringement, and declaratory relief. *Id.* ¶ 19. Canadian Standards requests declarations that Defendants (1) fraudulently obtained the U.S. Copyright Registration, rendering it invalid; and (2) own no copyright in any version of the Canadian Copyrighted Works. *Id.* Defendants move to dismiss of Canadian Standards' copyright infringement claim for failure to state a claim.

## II.   Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.   Analysis

**A. Berne Convention**

The Berne Convention guarantees certain minimum protections for authors of copyrighted works in its member states. *Golan v. Holder*, 565 U.S. 302, 308 (2012) (citing 828 U.N.T.S. 221, July 24, 1971 (originally signed Sept. 9, 1886)). The United States "became party to the Berne's multilateral, formality-free copyright regime in 1989." *Id.* at 309. In compliance with the Berne Convention, the Copyright Act grants foreign authors co-extensive rights with domestic authors, including the right to sue for copyright infringement. 17 U.S.C. §§ 104, 1203; *see also Jaso v. Coca Cola Co.*, 435 F. App'x 346, 352 n.4 (5th Cir. 2011) (stating that "published works authored by Berne nationals and domiciliaries are protected under U.S. copyright law" (quoting 1 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 5.07[B] (2011)).

Canadian Standards alleges that its Canadian Copyrighted Works were created and published in Canada, a member state protected under the Berne Convention. Dkt. 31 ¶¶ 2-9. The Berne Convention therefore applies to Canadian Standards' works.

## B. Copyright Infringement

Defendants argue that Canadian Standards cannot state a claim for copyright infringement because the Canadian Copyrighted Works have no copyright protection in the United States. Defendants contend that the Canadian government's adoption of the Canadian Electrical Code, the Propane Storage and Handling Code, and the Oil and Gas Pipeline Systems Code precludes any claim of copyright in the works under the government edicts doctrine. Canadian Standards asserts that it holds valid, foreign copyrights on which it can seek relief for infringement in the United States under the Berne Convention.

To state a claim for direct copyright infringement under the Copyright Act, a plaintiff must show (1) ownership of a valid copyright and (2) copying of constituent elements of the plaintiff's work that are original. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012). For foreign works, copyright ownership is determined by the law of the country in which the work is created, and infringement is governed by the law where the infringement took place. *See Alameda Films SA de CV v. Authors Rights Restoration Corp.*, 331 F.3d 472, 476 (5th Cir. 2003) (addressing plaintiffs' rights in Mexican films under Mexican copyright law); *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011) ("Initial ownership of a copyrighted work is determined by the laws in the work's country of origin.") (citation omitted); *Edmark Indus. SDN. BHD. v. S. Asia. Int'l (H.K.) Ltd.*, 89 F. Supp. 2d 840, 843 (E.D. Tex. 2000) (citing *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82 (2d Cir. 1998)). Proof of U.S. registration is not a prerequisite to suit if the work originated in a country that is a signatory to the Berne Convention. *Edmark*, 89

F. Supp. 2d at 844 n.1; *see also* 17 U.S.C. § 411(a) (requiring that only a United States work be registered or preregistered before a civil action for infringement can be instituted); *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com*, 139 S. Ct. 881, 891 (2019) (stating that Congress removed § 411(a) registration requirement for foreign works to comply with the Berne Convention). A party relying on the registration exemption must sufficiently allege that the works are not United States works within the meaning of Section 101 of the Copyright Act. *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 555 (S.D.N.Y. 2018).

Defendants contest only the first element of Canadian Standards' copyright infringement claim: ownership of a valid copyright. Defendants contend that, because "[n]o one can own the law" in the United States, Canadian Standards cannot hold a copyright in model codes adopted by the Canadian government. Dkt. 33 at 1. Defendants rely on cases in which courts in the United States have found no copyright protection for works created by U.S. government officials in the course of their official duties or works adopted as law by U.S. jurisdictions. *See Georgia v. Public.Resource.Org, Inc.*, 140 S. Ct. 1498, 1508 (2020) (stating that copyright does not vest in works created by U.S. judges and legislators in the course of their judicial and legislative duties); *Veeck v. S. Bldg. Code Congress Int'l, Inc.*, 293 F.3d 791, 796 (5th Cir. 2002) (finding that building codes adopted by Texas municipalities are not copyrightable); *Int'l Code Council, Inc. v. UpCodes, Inc.*, No. 17 Civ. 6261 (VM), 2020 WL 2750636, at *6 (S.D.N.Y. May 27, 2020) (finding that building codes adopted into law by U.S. jurisdictions are in the public domain).

As stated above, copyright ownership is determined by the law of the country in which the work is created – here, Canada. Defendants provide no authority that Canada has an analogous government edicts doctrine that would affect Canadian Standards' ownership rights in Canada. As

the Canadian appellate court in the parties' previous litigation stated, "American precedents regarding the lack of copyright in the law are of no relevance in Canada." Dkt. 31-11 ¶ 70.

Applying the elements articulated above, Canadian Standards has alleged facts sufficient to state a claim for copyright infringement. First, Canadian Standards alleges that it owns valid copyrights in the Canadian Copyrighted Works. Dkt. 31 ¶¶ 147, 161, 175. Canadian Standards alleges that the Canadian Copyrighted Works were created and published in Canada. *Id.* ¶¶ 2-6. It further alleges that it sought and received Canadian copyright registrations from the Canadian government for the works. *Id.* ¶¶ 7-9. Canadian Standards also alleges that it is exempt from U.S. registration requirements under 17 U.S.C. § 411 because the Canadian Copyrighted Works are foreign works. *Id.* ¶¶ 146, 160, 174. Finally, Canadian Standards alleges the Defendants infringed its copyrights in the Canadian Copyright Works "by reproducing, publicly displaying, publishing and/or distributing unauthorized copies and/or derivatives" of the works in the United States. *Id.* ¶¶ 149, 163, 177. Accordingly, Canadian Standards has stated a claim for copyright infringement.

### IV.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted (Dkt. 33).

It is **FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 9, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE