UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **CANADIAN STANDARDS ASSOCIATION,** § § § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:20-CV-01160-DAE |
| § | |
| **P.S. KNIGHT CO., LTD.;** § | |
| **PS KNIGHT AMERICAS, INC.; and** § | |
| **GORDON KNIGHT,** § | |
| *Defendants* § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE DAVID A. EZRA**
      **UNITED STATES DISTRICT JUDGE**

Now before the Court are Defendants Gordon Knight, P.S. Knight Co., Ltd., and PS Knight Americas, Inc.'s Motion for Attorneys' Fees and Costs, filed October 2, 2024 (Dkt. 93); Plaintiff Canadian Standards Association's Response, filed October 16, 2024 (Dkt. 95); Defendants' Reply, filed October 23, 2024 (Dkt. 98); and Defendants' Bill of Costs, filed October 23, 2024 (Dkt. 97).[1]

### I.   Background

Plaintiff Canadian Standards Association ("CSA") sued Defendants P.S. Knight Co., Ltd., PS Knight Americas, Inc., and Gordon Knight for copyright infringement. First Amended Complaint, Dkt. 31. CSA alleged that Defendants obtained an invalid U.S. copyright registration and infringed its Canadian copyrights in seven Canadian model electrical, propane, and oil and gas pipeline codes by selling copies of the codes in the United States. Defendants asserted a

---

[1] By Text Order entered October 4, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

1

counterclaim for a declaratory judgment that they are "co-author/co-owner of copyrights in the Canadian Electrical Code" and requested an accounting of CSA's "exploitation of Defendants' copyright interest in the Canadian Electrical Code." Dkt. 59 at 21.

The District Court denied CSA's application for a preliminary injunction and Defendants' motion to dismiss for failure to state a claim. Dkts. 49, 51. On cross-motions for summary judgment, the District Court denied summary judgment for Defendants, held that Defendants infringed CSA's copyrights, and entered summary judgment and a permanent injunction. Dkt. 72. Defendants appealed.

In a 2-1 opinion, the Fifth Circuit reversed, vacated the injunction, and remanded with instructions to grant summary judgment for Defendants and dismiss CSA's infringement claim. The court held that "because CSA's model codes are incorporated into Canadian law, Knight's copying of those codes is not infringement" under *Veeck v. Southern Bldg. Code Congress Int'l, Inc.*, 293 F.3d 791 (5th Cir. 2002) (en banc). *Canadian Standards Ass'n v. P.S. Knight Co.*, 112 F.4th 298, 307 (5th Cir. 2024). *Veeck* held that "model building codes are copyrightable, but once incorporated into law, they are not protected under the Copyright Act." *Id.* at 305.

Judge Dana M. Douglas dissented, finding *Veeck*'s reasoning inapplicable because copyright ownership is determined by the law where the copyright is held, and "Canada has determined that CSA's model codes, whether adopted into Canadian law and regulations or not, are copyrightable." *Id.* at 308 (Douglas, J., dissenting). The District Court had distinguished *Veeck* on the same basis. Dkt. 72 at 14. Judge Douglas also characterized Defendants' conduct as "egregious," stating that they transferred assets to a new U.S. entity after a Canadian federal court held them in contempt. *Canadian Standards Ass'n*, 112 F.4th at 309. The Supreme Court denied CSA's petition for

2

*certiorari*. *Canadian Standards Assn. v. P.S. Knight Co.*, --- S. Ct. ----, No. 24-537, 2025 WL 247484 (U.S. Jan. 21, 2025) (mem.).

## II. Analysis

Defendants seek $252,283.50 in attorneys' fees and $1,727.15 in costs as the prevailing party under the Copyright Act, 17 U.S.C. § 505. This Magistrate Judge finds that Defendants are the prevailing parties because the Court granted their motion for summary judgment, although they did not appeal the judgment denying their counterclaim and ordering cancellation of their fraudulently obtained U.S. copyright registration. *McGaughey v. Twentieth Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994). CSA does not oppose the request for costs but does oppose an award of attorneys' fees.

The Court has considered the relevant factors, the parties' arguments, and the entire record. This Magistrate Judge recommends against an attorney fee award, for the reasons explained below.

### A. Attorneys' Fees under the Copyright Act

The Copyright Act allows a court to award full costs and reasonable attorneys' fees to the prevailing party. 17 U.S.C. § 505. "Attorney's fees to the prevailing party in a copyright action is the rule rather than the exception and should be awarded routinely. Still, recovery of attorney's fees is not automatic." *Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (cleaned up). "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).

A court's discretion may be guided by such nonexclusive factors as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id*.

at 534 n.19; *Digital Drilling Data Sys., L.L.C. v. Petrolink Servs., Inc.*, 965 F.3d 365, 385 (5th Cir. 2020) (same). The court should give substantial weight to the objective reasonableness of the losing party's position and take into account all other relevant factors. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 210 (2016). "We cannot overemphasize the concept that a district court has broad discretion in determining the amount of a fee award." *Assoc. Builders & Contractors of La. Inc. v. Orleans Par. Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990).

1. **Frivolousness and Objective Unreasonableness**

Frivolousness and objective reasonableness are often considered together. *CoreClarity, Inc. v. Gallup, Inc.*, No. 4:20-CV-00601, 2020 WL 6741962, at *2 (E.D. Tex. Nov. 17, 2020). Generally, objective unreasonableness describes claims that have no legal or factual support. *Id.* Courts "tend to deny attorney's fees when the claims, even if ultimately unsuccessful, are neither objectively unreasonable or frivolous." *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, No. 6:12-CV-42, 2015 WL 4612583, at *2 (S.D. Tex. July 31, 2015) (Costa, J., sitting by designation) (collecting cases). Courts "should give substantial weight to the objective reasonableness of the losing party's position," but have discretion to award fees "even when the losing party advanced a reasonable claim or defense." *Kirtsaeng*, 579 U.S. at 199-200.

To prove copyright infringement, a plaintiff must prove (1) ownership of a valid copyright and (2) copying of constituent elements of the plaintiff's work that are original. *Canadian Standards*, 112 F.4th at 303. To prove the second element, a plaintiff must show (1) factual copying and (2) substantial similarity. *Id.*

It is undisputed that CSA owned Canadian copyrights for its model codes, Defendants copied the codes, and the works were substantially similar. CSA prevailed at the motion to dismiss and summary judgment stages. But on appeal, the Fifth Circuit panel majority parted ways with the

4

dissenting judge and the District Court to find that Defendants' copying was permissible under *Veeck*. In contrast, both Judge Douglas and the District Court found that neither *Veeck* nor the government edicts doctrine applied to the facts presented because, under the Berne Convention, CSA's copyrights were valid under Canadian law. *See id.* at 308 & n.1; Dkt. 72 at 11-15.

Defendants argue that "CSA's litigating position was unreasonable in view of the binding, on-point, *en banc* Fifth Circuit decision in *Veeck*." Dkt. 93 at 8. But they identify no precedent involving foreign copyrights like those CSA asserted here. CSA contends that *Canadian Standards* "became the first decision to hold that works incorporated by reference into *foreign* law by *foreign governments* automatically lose their copyright protection in the United States," so this application of *Veeck* presented a novel issue of first impression. Dkt. 95 at 10, 13.

This Magistrate Judge finds that CSA's claims were neither frivolous nor objectively unreasonable. They did not lack factual support, and the closely divided analysis of the legal issues presented shows that they were not frivolous or unreasonable. These factors weigh strongly against a fee award.

2. **Motivation**

When a losing party offers reasonable arguments, a court may order fee-shifting due to litigation misconduct or to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims. *Kirtsaeng*, 579 U.S. 197, 209.

Defendants argue that CSA "was overly aggressive in its assertion of its infringement claim," contending that "CSA's counsel routinely requested that defense counsel respond immediately to emails, including on weekends and holidays." Dkt. 93 at 10. CSA argues in response that "Defendants are serial copyright infringers of CSA's Canadian copyrighted works. CSA has had to sue Defendants in multiple copyright infringement lawsuits in Canada, and Defendants have

5

had injunctions entered against them by the Canadian federal courts." Dkt. 95 at 7. CSA contends that it brought this case in good faith "to stop Defendants from continuing their infringement and circumvention of Canadian injunctions," and that "Defendants' business was, and is, selling copies of CSA's Copyright Works to Canadian customers in violation of the Canadian injunctions." *Id.* at 7, 8. Defendants reply that the Canadian proceedings are irrelevant because they "answered an unsettled question under Canadian law regarding copyrights in Canadian law," whereas the question presented here was settled in the Fifth Circuit by *Veeck*. Dkt. 98 at 3.

The Court finds that Defendants have not shown CSA litigated with improper motivation or in bad faith, but in an attempt to protect their copyrights. *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008) (affirming district court's decision not to award attorneys' fees where court "determined that Plaintiffs acted properly to protect their copyrights"); *see also Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 795 (S.D. Tex. 2009) ("The cases that find a bad-faith basis for filing a copyright infringement suit involve some direct evidence of improper motive that is lacking here."). This factor does not favor a fee award.

3. **Considerations of Compensation and Deterrence**

Finally, the Court considers issues of compensation, deterrence, and whether a fee award will further the objective of the Copyright Act. Copyright law "ultimately serves the purpose of enriching the general public through access to creative works." *Fogerty*, 510 U.S. at 527. "The statute achieves that end by striking a balance between two subsidiary aims: encouraging and rewarding authors' creations while also enabling others to build on that work. Accordingly, fee awards under § 505 should encourage the types of lawsuits that promote those purposes." *Kirtsaeng*, 579 U.S. at 204 (citing *Fogerty*, 510 U.S. at 526).

6

Defendants argue that CSA "is part of a group of standards development organizations (SDOs) that are serial copyright plaintiffs who have never convinced a court in the United States to ultimately find in their favor," and that "[u]nsuccessful SDO copyright litigation is a widespread problem that needs to be deterred by way of a fee award in this case." Dkt. 98 at 3, 5. Defendants argue that awarding its fees "would be consistent with the purposes of the Copyright Act because this case did not involve the types of works that the Copyright Act was intended to foster." *Id.* at 6. They also emphasize the disparity in resources between the parties.

It is undisputed that CSA created the Canadian model codes. The codes remain protected by copyright after adoption into law in Canada but not in this Circuit under *Veeck*. Defendants relocated to Texas "in order to survive under a more favorable legal regime." Dkt. 98 at 3. The unique facts of this case presented issues at the fulcrum of the two aims of the Copyright Act: "encouraging and rewarding authors' creations while also enabling others to build on that work." *Kirtsaeng*, 579 U.S. at 204. The Court finds that awarding fees to Defendants would not serve appropriate purposes of compensation or deterrence or advance the purpose of the Copyright Act.

### 4. Conclusion as to Fee Award

The Court is guided by the *Fogerty* factors and identifies no other factors relevant to an award of attorneys' fees. Because no factor favors an award, this Magistrate Judge recommends that the District Court exercise its equitable discretion to deny Defendants' motion for attorneys' fees.

### B. Costs

Rule 54(d)(1) provides that costs "should be allowed to the prevailing party." There is a strong presumption that costs will be awarded to a prevailing party. *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006). In an action under the Copyright Act, the Court "in its discretion may allow the recovery of full costs by or against any party." 17 U.S.C. § 505.

"Unlike attorneys' fees, statutory costs are generally awarded to the prevailing party as a matter of course." *Stross v. Redfin Corp.*, No. A-15-CA-00223-SS, 2016 WL 11782817, at *6 (W.D. Tex. Dec. 22, 2016).

In their reply brief, Defendants state that the parties have agreed CSA will pay them $1,727.15 in costs, comprising $1,062.90 for printed transcripts and $664.25 in docketing and copying fees taxed by the Fifth Circuit. Dkt. 92-2; Dkt. 97; Dkt. 98 at 8. These costs are recoverable under 28 U.S.C. § 1920 and § 505 of the Copyright Act. *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 336 (2019). But because the Fifth Circuit allowed only $644.45 in taxable costs, $19.20 less than requested, this Magistrate Judge recommends that the District Court award Defendants $1,707.35.

### III.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendants' Motion for Attorneys' Fees and Costs (Dkt. 93). The Court recommends that the District Court **DENY** an award of attorneys' fees, **GRANT** Defendants' requests for costs, and award Defendants $1,707.35 in costs.

The Clerk is **ORDERED** to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 12, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE